NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-0863

L. W. THOMAS

VERSUS

SANDRA LOUISE MAXIE THOMAS

************

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT,
PARISH OF SABINE, NO. 46,192,
HONORABLE ROBERT E. BURGESS, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Michael G. Sullivan, Judges.

**REVERSED AND RENDERED.**

John W. Pickett
Attorney at Law
Post Office Box 250
Many, LA  71449
(318) 256-3846
COUNSEL FOR PLAINTIFF/APPELLANT:
    L. W. Thomas

W. Charles Brown
Attorney at Law
3550 Cedar Creek Drive
Apt. No. 1105
Shreveport, LA  71118
COUNSEL FOR DEFENDANT/APPELLEE:
    Sandra Louise Maxie Thomas

PETERS, J.

The defendant, L. W. Thomas, appeals the trial court judgment awarding his former wife, Sandra Louise Maxie Thomas, the sum of $11,075.85 as her community share of an employment disability retirement plan and awarding her future benefits at the rate of $246.13 per month. For the following reasons, we reverse and render judgment in favor of Mr. Thomas.

## DISCUSSION OF THE RECORD

L. W. Thomas and Sandra Louise Maxie Thomas were married on November 23, 1971. On December 1, 1971, Mr. Thomas became employed with Boise Cascade and continued his employment with that company during his marriage.

On May 18, 1993, Mr. Thomas filed a petition for divorce, and the couple was divorced by a judgment of the trial court dated June 18, 1993. Ten days thereafter, the couple entered into a written community property partition agreement. Under the terms of this agreement, Mr. Thomas acquired the ownership of all the immovable property belonging to the community previously existing between the two of them, and Mrs. Thomas acquired the ownership of certain household items. Additionally, Mr. Thomas paid his former wife $20,000.00 as an equalizing payment. The community property partition agreement contained the following language:

> That the foregoing constitutes a full and complete agreement between these parties. That both parties hereto take cognizance of Louisiana Civil Code Articles 814, 2665 and 2666 which specifically waive any claims or actions that may arise or be provided for lesion and specifically waive any claim for lesion as may be provided by law.

It further provided that "the parties hereto discharge each other from any further accounting to the community which formerly existed between them, all items of the community property being fully liquidated as set forth herein."

On July 22, 2002, Mr. Thomas ceased working for Boise Cascade, and, on August 1, 2002, he began receiving monthly disability retirement benefits in the amount of $745.83. These benefits were part of an employment plan offered by Boise Cascade and funded entirely by the employer, that is to say, Mr. Thomas made no contribution from his wages to this plan. Under the terms of the disability plan, Mr. Thomas is to receive this monthly disability retirement benefit until he reaches his normal retirement age of 65.[1] At that time, his disability retirement benefit will be converted to a normal retirement benefit.

This litigation arises because, on August 6, 2004, Mrs. Thomas filed a petition to partition the disability retirement payments as an item of community property. In her petition, she made the following assertions:

1.
The defendant, L. W. THOMAS, is receiving monthly payments from his former employer, Bosie Cascade, pursuant to his retirement from his employment at the Florien, La. plant of that company.

2.
The portion of those said payments, based on defendant's employment with said company during his marriage to plaintiff is community property. Plaintiff's [sic] is entitled to one-half (½) of said community property.

3.
The community property was omitted from the prior community property settlement between these parties, dated June 28, 1993; and, has never been partitioned by the parties, or judicially.

At the November 14, 2005 trial, Mrs. Thomas did not appear, and only Mr. Thomas testified. While generally acknowledging receipt of disability benefits, Mr. Thomas did not testify with any specificity concerning the particulars of the disability plan at issue other than the monthly benefit and the fact that he did not financially contribute to the plan during his employment with Boise Cascade. He did provide the

---

[1]Testimony indicated that Mr. Thomas was born on September 4, 1950. Therefore, he would reach his normal retirement age on September 4, 2015.

2

trial court with a handwritten note from his former wife setting forth what she wanted in the original community property agreement. The formal agreement reflects that she received all of her requests.

After completion of the evidence, the trial court took the issues under advisement, and, on April 25, 2006, the trial court signed a judgment awarding Mrs. Thomas $11,075.85, representing the trial court's calculation of Mrs. Thomas's share of her former husband's disability benefits from August 1, 2002, through May 1, 2006. The trial court further ordered that a Qualified Domestic Relations Order issue to Boise Cascade, directing that company to pay Mrs. Thomas the sum of $246.13 per month as her share of community disability benefits beginning June 1, 2006. Mr. Thomas appealed that judgment, asserting three assignments of error.

**OPINION**

In reversing the trial court judgment, we need only consider the issue raised in Mr. Thomas's second assignment of error, in which he asserted that the trial court erred in finding that Mrs. Thomas proved she was entitled to a portion of his disability retirement benefits. The Louisiana Supreme Court, in *Robinson v. Robinson*, 99-3097, p. 17 (La. 1/17/01), 778 So.2d 1105, 1121, stated:

> Louisiana jurisprudence is clear; general divestiture language does not necessarily divest the non-employee spouse of his or her right in the employee spouse's pension. When the agreement does not expressly address the employee spouse's pension, the issue of whether the agreement divests the non-employee spouse of any community property rights in the pension depends upon the intent of the parties.

Thus, as pointed out in *Jennings v. Turner*, 01-631, p. 1 (La. 11/28/01), 803 So.2d 963, 964, "[t]he issue of whether a pension was considered in property settlement discussions is a question of fact."

3

Unlike the situation in *Jennings*, Mrs. Thomas did not testify at all. Additionally, although Mrs. Thomas's attorney called Mr. Thomas as a witness on cross-examination, Mr. Thomas was never asked whether the pension plan was a part of the original discussions which gave rise to the community property partition agreement. Thus, the trial court had no evidence before it tending to prove that the pension plan was not contemplated in the original agreement; rather, the only evidence before the trial court was to the effect that the original agreement was comprehensive. Mrs. Thomas's assertions to the contrary in her pleadings are insufficient to establish her claim. Therefore, the trial court was clearly wrong in awarding Mrs. Thomas a portion of Mr. Thomas's disability retirement benefits.

## DISPOSITION

For the foregoing reasons, we reverse the trial court judgment and render judgment in favor of L. W. Thomas and against Sandra Louise Maxie Thomas, dismissing her suit with prejudice. We assess all costs of this litigation to Sandra Louise Maxie Thomas.

**REVERSED AND RENDERED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.